Eastern District.
*March,* 1830.

WOODRUFF
*vs.*
WEDERSTANDT
& AL.

Whether a sale of land on a mortgage executed by the vendor, is an eviction of the vendee, which will authorise him to resist payment? *quere.*

If the vendor, after the sale, does any act to impair the title, or possession, of his vendee, he cannot recover until he replaces the buyer in the same situation he was at the time of the purchase.

*WOODRUFF vs. WEDERSTANDT & AL.*

APPEAL from the third district, the judge of the fourth presiding.

PORTER, J. delivered the opinion of the court. The plaintiff brings this action, on a note made to him by the defendants, in consideration of a tract of land sold to them. In the act of sale, it is stipulated, "that no delay is to be made in the payment of the purchase money, unless, or until, an actual eviction takes place."

The plaintiff, it appears, had bought the property at a sheriff's sale, at twelve months credit, and at the time of selling, the purchase money was still due by him. Failing to pay at the expiration of the credit, execution issued against him, on the *twelve months' bond,* and the premises, which the defendants had purchased, were seized and sold, to one Charles McMicken. The purchaser took no step to evict the defendants, but some time after the sale by the sheriff, they removed from the land.

The case was submitted to a jury, in the court of the first instance, who found a ver-

dict for the defendants, and the plaintiff appealed.

Eastern District.
*March*, 1830.

WOODRUFF
*vs.*
WEDERSTANDT
& AL.

On the trial, he requested the court to charge the jury.

1. That a sale of lands, under an execution, which are, at the time the levy is made, in the possession of a third party, by title under an authentic act, does not operate as an actual eviction.

2. That the purchaser of property, cannot resist the payment of the purchase money until, and unless, suit has been actually brought against him.

3. That as no demand was made before the levy, the defendant in execution, could have successfully resisted the sale of the property, if notice of the levy had been given to him, and that the defendant was bound to give such notice.

The court refused to charge the jury affirmatively on these propositions, and the plaintiff excepted.

We do not find any proof on record, that the defendants had notice of the execution and the seizure, and if we are to presume it, we may rightfully presume the defendants supposed the plaintiff had knowledge, a writ

Eastern District.
*March*, 1830.

WOODRUFF
*vs.*
WEDERSTANDT
& AL.

of execution was issued against him, for a debt which he owed, which he had not paid, and which it was his duty to pay. Another part of the defence is, that no actual eviction took place. This is supported by evidence, which shows, the sheriff did not actually seize and take into his possession, the property, for if he had, there would have been an actual eviction. If he did not, we are unable to see how we can presume greater knowledge of the proceedings in the defendants, than the debtor; the latter was certainly more privy to the pursuit of his creditor, than the former could have been.

The case turns on the effect to be given to the terms, *actual eviction.* The plaintiff contends, that nothing less than a forced eviction, under the authority of justice, can authorise the defendants to retain the purchase money in their hands. After the property was sold, under the authority of justice, and the right of the purchaser to evict, was absolute, we are not prepared to say, it was not necessary for the vendees to remain tenants at will of the buyer. If the case called on us to decide it on that point, we are strongly inclin-

Eastern District.
*March*, 1830.

WOODRUFF
*vs.*
WEDERSTANDT
& AL.

ed to think, they were authorised to consider such a change in their situation, as an actual eviction, and abandon the premises. But the facts of the case present other grounds, on which, we have no doubt the decision of the jury and the court below, was correct.

If the defendants had been disturbed by the exercise of a right in a third party, independent of any fault in the plaintiff, he would have been protected under the clause in the contract, by which he was responsible only, in case of actual eviction. But when the disturbance is the consequence of the vendor's conduct after the sale; by his failure to comply with his engagement to another, he has weakened the title, and impaired the possession of his vendees, and he cannot recover the purchase money, until he has replaced them in the same situation they were, when the disturbance took place. It would be a grievous hardship, to compel the purchaser to pay for property which, since he bought, has been sold to pay the debts of his vendor. It would be permitting a party to do, what it is an elementary principle no one shall do; that is, profit by his own wrong.

Eastern District.
*March*, 1830.

WOODRUFF
*vs.*
WEDERSTANDT
& AL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Peirce* for plaintiff.